IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JAMES HATCH,**                                                               **PETITIONER**

v.                                                                         **No. 1:11CV235-D-A**

**CIRCUIT COURT OF LOWNDES COUNTY**                        **RESPONDENT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of James Hatch, who was a pretrial detainee when he filed the instant this case, for a writ of *habeas corpus* under 28 U.S.C. § 2241. The State of Mississippi has moved to dismiss the petition for failure to state a claim upon which relief could be granted. Hatch has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss with be granted and instant petition for a writ of *habeas corpus* dismissed with prejudice for failure to state a claim upon which relief could be granted.

### Facts and Procedural Posture

Hatch alleges that he was arrested on the charge of burglary on May 11, 2011, and, though he received an initial appearance, he never got the chance for a preliminary hearing. Meanwhile, the state brought additional charges of robbery and kidnapping. Eventually, Hatch pled guilty to the charge of robbery and sentenced to three years incarceration, fined $500.00, and ordered to pay court costs and restitution. The kidnapping charge was retired to the file as part of the plea agreement.

## Discussion

As the State has argued in its motion to dismiss, once Hatch entered a plea of guilty to robbery, he waived all non-jurisdictional defects in the proceedings out of which the plea arose. *United States v. Diaz*, 733 F.2d 371, 376 (5th Cir. 1984); *Barnes v. Lynaugh*, 817 F.2d 336, 338 (5th Cir. 1987); see also *Partain v. State*, 78 So. 3d 350 (Miss. Ct. App. 2011) (valid guilty plea waives all non-jurisdictional defects, which includes the right to a preliminary hearing). Accordingly, respondent submits that Hatch's claims related to his pretrial detention and pretrial hearing became moot upon entry of his plea. *See Yohey v. Collins*, 985 F.2d 222, 228-229 (5th Cir. 1993); *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988). For these reasons, the motion by the State to dismiss is **GRANTED** and the petition is **DISMISSED** with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 10th day of October, 2012.

/s/ Glen H. Davidson
SENIOR JUDGE